OPINION AND ORDER
GARY P. SULLIVAN, Chief Justice.
This matter comes on as a result of a timely Petition to review a Joint Custody Order issued by the Honorable John D. Christian on September 16, 2003 wherein both parents were granted joint custody of the above referenced Indian minor child. For the reasons stated below we affirm the Tribal Court’s order.
BRIEF FACTUAL OVERVIEW AND PROCEDURAL HISTORY
C.A.G. lived with both parents from her birth until April, 2003, at which time the parents (Dean and Nadine) agreed to separate. The record is not clear as to which parent had physical custody of C.A.G. for the next two months, however, the Tribal Court, in one of its findings, states that C.A.G. resided with Nadine immediately prior to the custody action. On June 30, 2003, Dean filed a petition for custody. Nadine followed with her petition on July 17, 2003 and both matters were eventually consolidated.
Upon filing her petition, Nadine obtained an ex parte temporary custodial order in her favor issued by Judge Jackson based upon “the best interests of the child”. At Dean’s request Chief Judge Bryce Wildcat stayed Judge Jackson’s order and the matter was brought on for hearing on July 24, 2003, the Honorable John Christian presiding. In an Interim Order, Judge Christian granted temporary custody to Dean with visitation rights to Nadine and set the matter for a fact finding hearing on September 9, 2003.
On September 9, 2003, the fact finding hearing was held and Judge Christian issued a Joint Custodial Order granting custody of C.A.G. equally between Dean and Nadine. Apparently Nadine had testified that she was presently living in Minot, ND while attending school there and that she would be moving back to the reservation (Wolf Point, MT) in December, 2003 or January, 2004. Accordingly, the Tribal Court awarded the first six months to Dean, stating in its order: “Current custody shall remain with Dean ... until such time Nadine ... returns to the Fort Peck Indian Reservation, and can re-establish herself in her home, and/or finishes her school in Minot, ND, which shall be approximately in late December, 2003 or early January, 2004.”
Nadine objects to the Joint Custodial Order citing five (5) separate grounds for our review.
STANDARD OF REVIEW
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations. of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” Title II.CCOJ 2000 *150 § 202. The specific standard for child custody contests between natural parents is “best interests of the child”. (See Title X CCOJ 2000 § 304a which invokes the standard set forth Title X CCOJ 2000 § 304(a) and (b).)
DISCUSSION
Nadine first objects to the order because it was not made “within the parameters of’ her June 30, 2003 petition. First, we note that Nadine’s petition was not filed until July 17th, 2003 and that the only petition filed on June 30th, 2003 was Dean’s. Nadine cites that the allegations contained in her petition for custody were all testified to at the hearing “without objection”, thus validating those contentions. After a careful review of Nadine’s petition we find no allegations, even if substantiated, which would preclude the Tribal Court from awarding joint custody to Dean. In an affidavit attached to her petition Nadine did state that she felt that Dean had a drinking problem and was in need of anger management classes. Notwithstanding these allegations, the Tribal Court found that, “Alcohol and Drug evaluations were completed by both parties to this action and both evaluations indicate the (sp) neither party have a problem with addiction and/or abuse, at this time.” The Tribal Court also found that, “Evidence indicates that both parties to this matter love and care very much for (C.A.G.) and that both parties are capable of providing the youth with the proper nurturing, supervision, shelter, and education the youth needs on a day-to-day basis.” (See Tribal Court order, paragraphs 5 and 7, respectively, dated September 16, 2003.)
Nadine next objects to the order citing the fact that Dean did not petition the Court for temporary custody. Nadine fails to realize that when a custody petition is brought before the Court there are numerous occasions which require a temporary custodial order pending final disposition. Such was the case here. It was not error for the Tribal Court to grant temporary custody to Dean on July 24, 2003 notwithstanding the fact that he did not specifically request temporary custody.
Nadine’s third contention is that Dean “failed to prove by any measure that the minor child was abandoned, abused or neglected by her mother, nor did he prove that the minor child’s minimal care was not being provided by the mother.” Regrettably, Nadine applies the wrong standard. The standard for custodial contests between natural parents (see § 304a) applies the standard set forth in § 304(b). That standard is “best interests of the child”. Thus, it is not necessary to prove abandonment, abuse, or neglect. Further, § 304(b) requires that the Tribal Court allow no presumption that either parent is better suited based upon gender.
Nadine’s fourth contention maintains that the Tribal Court erred because it found that both parents were well suited for custody and that such finding belies the requisite “burden of proof to change custody.” Nadine fails to recognize that the September 9th, 2003 hearing was the first and only hearing regarding the resolution of custody. The July 24th hearing resulted in an Inte rim Order pending the fact finding hearing scheduled for September 9th. The only burden on either party at the September 9th hearing was the aforementioned standard of “best interests of the child”.
Nadine’s final contention is that the Tribal Court erred by denying “her right to custody and visitation based solely on the fact of her out of state residency”. We interpret the Tribal Court’s order somewhat differently. We note that the Court did not state “until and unless ...” Na *151 dine returns to the reservation but instead placed an expectant time limit regarding Nadine’s return: “... until such time Nadine ... returns to the Fort Peck Indian Reservation, and can re-establish herself in her home, and/or finishes her school in Minot, ND, which shall be approximately in late December, 2003 or early January, 2004.” (Our emphasis) The operative phrase “which shall be” is based upon Nadine’s own testimony during the hearing that she planned to return to the reservation at that time. If the Tribal Court had placed a condition of Nadine’s residency, limiting it to the Fort Peck Indian Reservation, without Nadine’s own testimony of her forthcoming return, and in the absence of a showing warranting such limitation, then such an order would be subject to challenge. As previously stated, such was not the case here. In fact, this contention was rendered moot when Nadine attached a letter to her Notice to Stand on the Record, from her counsel addressed to Dean’s attorney, dated December 1, 2003 and filed with this Court on the same day, stating that she was “now living back in her FPHA home” in Wolf Point, MT. and requested that custody of C.A.G. be transferred to her expeditiously.
Finally, we note that Nadine also alludes to error when Chief Judge Wildcat stayed Judge Jackson’s ex parte order granting temporary custody to Nadine on July 17th, 2003. As noted above, Judge Jackson used “best interests of the child” as the standard for his order. The standard for issuance of an ex parte order is when an “emergency” exists. (See Title X CCOJ 2000 § 308) Inasmuch as Judge Jackson applied the wrong standard, it was not error for Chief Judge Wildcat to stay the incorrect order.
Accordingly, the Tribal Court’s order of September 16, 2003, is affirmed.
IT IS NOW THEREFOR THE ORDER OF THIS COURT THAT:
All Tribal Court orders heretofore stayed or not acted upon because of, or pursuant to, the pendency of this Petition, are herewith restored and shall be given foil force and effect without further delay.
CONCUR: GERARD M. SCHUSTER, Associate Justice, CARROLL J. DeCOTEAU, Associate Justice.